IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RONALD SATISH EMRIT, )
)
Plaintiff, )
)
v. ) Case No. 2:23-cv-17-RAH-SMD
)
CHARLES BARKLEY, *et al.*, )
)
Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Ronald Satish Emrit ("Emrit") filed suit in January 2023. Compl. (Doc. 1). After moving for, and being granted, *in forma pauperis* status, the undersigned entered an order staying service pending review of the complaint under 28 U.S.C. § 1915(e). Order (Doc. 4). The undersigned has now reviewed Emrit's complaint and finds that his claims are frivolous and recommends that his case be dismissed with prejudice.

## I. FACTUAL ALLEGATIONS & CLAIMS

Emrit asserts the following allegations against Charles Barkley, Subway, and Fanduel.

Emrit alleges that while "using his Hotmail account," he "frequently sees vertical banner advertisements featuring Charles Barkley for either a sporting goods store, Fanduel, or Subway." Compl. (Doc. 1) p. 4. He also "constantly" sees "advertisements from either Subway, Fanduel, or a sporting goods store featuring Charles Barkley as a spokesperson" while watching television. *Id.* at 4-5. Emrit complains that these advertisements and commercials "are annoying and interfere with his concentration especially while [he] is

using his Hotmail account in the ordinary course of business." *Id.* at 5. Emrit suggests that because "it is well-known that [he] has litigated against [the] Central Intelligence Agency (CIA) in Iowa, Maryland, Virginia, West Virginia, Maryland, Washington D.C. and Northern Florida," the "CIA utilizes advertisements of Charles Barkley on Subway, FanDuel, and sporting goods to annoy or harass [him]." *Id.*

Emrit brings the following claims: Violation of Business Judgment Rule (Count One); Violation of CAN-SPAM Act of 2003 and Consumer Laws Related to Junk Faxes (Count Two); Violation of Regulations Involving Do-Not-Call Registry (Count Three); Public Nuisance (Count Four); Invasion of Privacy Through Intrusion Upon Seclusion (Count Five); Products Liability (Count Six); Breach of Implied Warranty of Merchantability (Count Seven); and Breach of Implied Warranty of Fitness for Particular Purpose (Count Eight). *Id.* at 5-9. For relief, he seeks $45 million from Defendants, along with a "'cease and desist order' in which the three defendants are precluded and/or enjoined from advertising to [him] on Microsoft/Hotmail or Cable TV." *Id.* at 9.

## II. LEGAL STANDARD

In the Eleventh Circuit, a district court may review any complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B). *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). Under this statute, a reviewing court must dismiss a complaint if it: (i) is "frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A reviewing court has broad discretion to manage its in

forma pauperis cases and to determine whether a complaint should be dismissed under § 1915(e)(2)(B). *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

A case is frivolous under § 1915 when "it appears the plaintiff has 'little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when the complaint's legal theories are "indisputably meritless" or when its factual contentions are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Separate from courts' authority to dismiss for failure to state a claim, the power to dismiss a complaint as frivolous provides courts with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327). Thus, under this standard, "wildly implausible allegations in the complaint should not be taken as true." *Id.* A court may consider "a litigant's history of bringing unmeritorious litigation" when analyzing the question of frivolousness. *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

To survive § 1915 review, a complaint must meet the pleading standard set forth in Federal Rule of Civil Procedure 8. *See, e.g., Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019); *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 639 (11th Cir. 2010). Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled" to the relief sought. FED. R. CIV. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere labels and conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Twombly*, 550 U.S. at 555.

In determining whether a complaint should be dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim for which relief may be granted, a reviewing court employs the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under Rule 12(b)(6), a complaint is subject to dismissal if it fails "to state a claim to relief that is plausible on its face." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). This standard "'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 556). A reviewing court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). A court gives legal conclusions—e.g., formulaic recitations of the elements of a cause of action—no presumption of truth. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

Lastly, federal courts liberally construe pro se pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The general rule is that courts hold pro se pleadings to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency, however, does not give a court "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Williams, Scott & Assocs. LLC v. United States*, 838 F. App'x 501, 501 (11th Cir. 2021)

(per curiam) (quoting *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)). A court should dismiss a pro se complaint without providing leave to amend "where amendment would be futile" —i.e., where the complaint as amended would still be subject to dismissal. *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010); *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007).

## III. DISCUSSION

Initially, Emrit is a "serial *pro se* filer of frivolous complaints in federal court." *Emrit v. Barkley*, 2023 WL 2355906, at *3 (S.D. Ala. Feb. 3, 2023). Indeed, the Northern District of Florida noted that Emrit is "a vexatious litigant with over 500 cases filed throughout the country." *See Emrit v. Special Agent*, 2022 WL 17824014, at *1 (N.D. Fla. Nov. 9, 2022); *see also Emrit*, 2023 WL 2355906, at *3 n.2.

Additionally, Emrit has made a habit of filing the same case simultaneously in multiple districts. *Emrit v. Sec. U.S. Dep't of Educ.*, 829 F. App'x 474, 477-78 (11th Cir. 2020). He has indulged that habit again here. Emrit has filed substantively identical complaints against Charles Barkley, Subway, and FanDuel in the following jurisdictions: *Emrit v. Barkley*, No. 2:23-cv-00019-NAD (N.D. Ala. Jan. 6, 2023); *Emrit v. Barkley*, No. 23-00003-KD-B (S.D. Ala. Feb. 3, 2023); *Emrit v. Barkley*, No. 2:23-cv-00156-JMY (E.D. Pa. Jan. 9, 2023); *Emrit v. Barkley*, No. 2:23-cv-00034-WSS (W.D. Pa. Jan. 10, 2023); *Emrit v. Barkley*, No. 3:23-cv-00079-MCC (M.D. Pa. Jan. 17, 2023).

"It is clearly improper and an abuse of the judicial process to pursue identical claims in multiple jurisdictions." *Emrit v. Devos*, 2020 WL 1669872, at *2 (N.D. Fla. Mar. 4, 2020). Both the Southern District of Alabama and the Western District of Pennsylvania

have dismissed Emrit's cases with prejudice as frivolous and for failure to state a claim pursuant to § 1915. *See Emrit*, 2023 WL 2355906, at *4 (S.D. Ala. Feb. 3, 2023). The undersigned agrees that Emrit's claims are frivolous and adopts the reasoning of those courts.

Specifically, Emrit's case here is "implausible and borderline delusional[,]" and he "cannot file suit just because advertisements and commercials annoy him." *Id.* at *4 (internal quotations omitted) (citing *Emrit v. Barkley*, No. 2:23-cv-00034-WSS (W.D. Pa. Jan. 10, 2023), ECF No. 2). Additionally, "Emrit's complaint is replete with legal conclusions, nonsensical assertions, and superfluous information that has no bearing on his stated causes of action," and "is devoid of either direct or indirect factual 'allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Id.* (quoting *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)). Like the Southern District of Alabama, this Court finds that Emrit fails to state sufficient facts to support his causes of action, and that there is no potentially valid legal claim arising from Emrit's "personal annoyance with certain advertisements/ commercials or his personal belief that Charles Barkley is a less than ideal celebrity spokesperson." *See id.*

Moreover, Emrit's complaint fails to satisfy Federal Rule of Civil Procedure 8, which requires that all complaints set out "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotations omitted). Here, Emrit's

complaint is replete with conclusory and immaterial facts not obviously connected to any particular cause of action. *See Emrit*, 2023 WL 3255906, at *4. And Emrit alleges each count against all Defendants without specifying which Defendants are responsible for the acts alleged. This prevents the Court and Defendants from ascertaining which claims and conduct apply to which Defendant.

Finally, although it is an extreme sanction, dismissal with prejudice under § 1915 is allowed where the plaintiff engaged in bad faith litigiousness or manipulative tactics, and a district court need not allow an amendment where it would be futile. *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Because of Emrit's lengthy record of frivolous, duplicative, bad faith, and vexatious filings, the frivolous nature of his claims in this case, and the lack of any basis to conclude that he could state a viable cause of action against Defendants in an amended complaint, the undersigned concludes that Emrit's case should be dismissed with prejudice under § 1915, and that he should not be given an opportunity to amend his complaint. *See Emrit*, 829 F. App'x at 477-78 (affirming the dismissal with prejudice of Emrit's complaint under § 1915 when his claims were frivolous, venue was improper, and he filed the case simultaneously in multiple districts, thus abusing the judicial process); *see also Emrit*, 2023 WL 2355906, at *5.

It is also worth noting that Emrit has repeatedly abused the judicial process through his repeated filing of meritless, frivolous, and often duplicative lawsuits in federal courts across the country. Because of this conduct, Emrit has been prohibited from filing lawsuits without leave of court in several other federal district courts. Based on his repeated

vexatious litigation, and the fact that his claims in this case are likewise frivolous, Emrit is warned that he is close to being named a vexatious litigant in the Middle District of Alabama. As such, any further frivolous filings by Emrit in this Court will result in a recommendation that he be deemed a vexatious litigant in this district and prohibited from filing any new documents without first obtaining the Court's prior written approval.

## IV. CONCLUSION

For the foregoing reasons, it is the

RECOMMENDATION of the undersigned magistrate judge that Emrit's Complaint (Doc. 1) be dismissed with prejudice. It is further

RECOMMENDED that Emrit's Motion for Preliminary Injunction (Doc. 1) be DENIED. Finally, it is

ORDERED that the parties shall file any objections to this Recommendation on or before August 21, 2023. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-

1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of August, 2023.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE